**James C. STOLTE, Trustee, Appellant,**

v.

**COUNTY OF GUADALUPE, Appellee.**

No. 04–04–00083–CV.

Court of Appeals of Texas, San Antonio.

May 26, 2004.

David G. Pfeuffer, Brazle & Pfeuffer, L.L.P., Frank B. Suhr, New Braunfels, for appellant.

Robert E. Etlinger, 1st Asst. County Atty.–Guadalupe County, Seguin, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

The issue before us is whether this court has jurisdiction over this permissive interlocutory appeal in the absence of the timely-filed application for permission to appeal contemplated by section 51.014(f) of the Texas Civil Practice and Remedies Code. We hold that, if a timely-filed application to appeal is jurisdictional, this jurisdictional requirement is subject to the motion for extension of time provided in Rule 26.3(b), TEX.R.APP. P., and the implied motion for extension of time recognized in *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex.1997). We

thus disagree with the Dallas Court of Appeals' conclusion that the extension of time provided in Rule 26.3(b) does not apply in section 50.014(d) appeals. *See In re D.B.*, 80 S.W.3d 698, 701 (Tex.App.-Dallas 2002, no pet.).

### FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2004, trial court signed an order complying with the requirements for a permissive interlocutory appeal under section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) (Vernon Supp.2003). Section 51.014(f) provides that this court "may permit an appeal to be taken from that order" "[i]f application is made to the court of appeals ... not later than the 10th day after the date [the] interlocutory order ... [was] entered." *Id.* § 54.014(f). Stolte did not file an application for permission to appeal in this court. Instead, nineteen days after the trial court's order was signed, on February 10, 2004, Stolte filed a notice of appeal in the trial court and a copy of the notice in this court.

Because Stolte did not file an application for permission to appeal within ten days of the date the order was "entered," we ordered him to show cause why his appeal should not be dismissed for want of jurisdiction. In his response to our order, Stolte argues (1) "the substance of the notice of appeal filed in this case substantially complies with ... the ... requirements for an application [to] appeal under section 51.014(f)" and should be construed as such; and (2) the court should imply a motion for extension of time because the notice of appeal was filed within fifteen days of the deadline for filing the application for permission to appeal. *See* TEX. R.APP. P. 26.3; *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997).

### DISCUSSION

Until recently interlocutory appeals were limited to appeals of certain types of orders. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.2003). In 2001, however, the Texas Legislature enacted what has been codified as section 51.014(d) of the Texas Civil Practice and Remedies Code. Section 51.014(d), which applies to cases filed on or after September 1, 2001, provides:

A district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:

(1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

*Id.* § 51.014(d). "[T]he appellate court may permit an appeal to be taken from that order" "[i]f application is made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered." *Id.* § 51.014(f).

The supreme court has not yet enacted rules of procedure to implement the permissive interlocutory appeal permitted by section 51.014(f); and commentators have speculated as to the rules that will be applied. *See generally* Dana Livingston Cobb, *Permissive Interlocutory Appeals In State Court, in* 10 UNIV. TEX. 12TH ANNUAL CONFERENCE ON STATE AND FEDERAL APPEALS 7 (2002); Warren W. Harris & Lynne Liberato, *State Court Jurisdiction Expanded to Allow for Permissive Appeals,* 65 TEX. B.J. 31 (2002). However, we do not operate in a vacuum. The Texas Rules of Appellate Procedure "govern pro-

cedure in appellate courts...." TEX.R.APP. P. 1.1. And the rules and policies regarding perfection of an appeal are well-established in ordinary civil appeals and interlocutory appeals authorized by section 51.014(a).

### *"An Instrument"*

▮ In ordinary civil appeals, the appellate court's jurisdiction is invoked when an appellant timely files "an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"; thus, "an appellate court may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997) (citing *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)). Plainly, Stolte's notice of appeal is a bona fide attempt to invoke this court's jurisdiction. Therefore, even if the timely filing of the application for permission to appeal contemplated by section 50.014(d) is jurisdictional, we may not dismiss this appeal without giving Stolte an opportunity to "cure the error."

### *Timeliness*

▮ A party who fails to file a perfecting "instrument" by the deadline may, within fifteen days after the date the instrument was due, move for an extension of time. *See* TEX.R.APP. P. 26.3. "[A] motion for extension of time is necessarily implied when an appellant acting in good faith files [a perfecting instrument] beyond the time allowed by [the rules], but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline...." *Verburgt*, 959 S.W.2d at 617. In this context, the supreme court's "decisions reflect the policy embodied in our appellate rules that disfa-vors disposing of appeals based upon harmless procedural defects." *Id.* at 616. Both Rule 26.3 and *Verburgt* apply to appeals of interlocutory orders authorized by section 51.014(a). *See Hone v. Hanafin*, 104 S.W.3d 884 (Tex.2003) (applying Rule 26.3 and *Verburgt* to interlocutory appeal of order sustaining special appearance). The Dallas Court of Appeals, however, has held that "[b]ecause the deadline for perfecting an appeal from an interlocutory order pursuant to section 51.014(d) is specifically stated in section 51.014(f), the deadline and extension for perfecting an appeal in the rules of appellate procedure do not apply." *In re D.B.*, 80 S.W.3d 698, 702 (Tex.App.-Dallas 2002, no pet.). For several reasons, we respectfully disagree.

In *Verburgt*, the supreme court expressly instructed that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt*, 959 S.W.2d at 616. The court made no distinction between types of appeals. Moreover, the Notes and Comments to Rule 26 expressly provide that "[a]n extension of time is available for *all* appeals." TEX. R.APP. P. 26 Notes & Comments (emphasis added). Finally, were we to adopt the Dallas Court of Appeals' holding in *In re D.B.*, we would simply dismiss this appeal without prejudice to Stolte's obtaining a new section 51.014(d) order from the trial court and then filing an application for permission to appeal within ten days of the new order—in short, a "redo." *See* 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3929, at 395–96 (2d ed. 1996 & Supp.2000) (noting that the federal circuit courts are split on the issue of whether a district court may recertify its order, thus restarting the appellate timetable, but describing the view permitting recertification as the "better view"). A "redo" would

be directly contrary to the purpose underlying Texas' permissive interlocutory appeal—to permit expedited review of controlling questions of law when agreed to by the parties, the trial court, and the appellate court. It would also do violence to the "proper objective" of the procedural rules generally—"to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" "with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable...." Tex.R. Civ. P. 1. In light of these considerations, we hold that the extension provided in Rule 26.3, as well as the implied motion for an extension recognized in *Verburgt,* are available in section 51.014(d) appeals.

### *Contents of Application to Appeal*

Section 51.014(f) does not specify the contents of an application for permission to appeal; and, as noted above, there is not yet a rule implementing the statute. However, to persuade the court of appeals to grant permission to appeal, the application should include facts and argument addressing the requirements of section 51.014(d)—that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal ... may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d) (Vernon Supp.2003); *see* Fed. R.App. P. 5 (petition for permission to appeal must include "the facts necessary to understand the question presented" and "the reasons why the appeal should be allowed and is authorized"); *Richardson v. Kays,* No. 2–03–241–CV, 2003 WL 22457054, *2 (Tex.App.-Fort Worth Oct.30, 2003) (denying application

to appeal that did "not mention, discuss, or analyze why the issue ... involves a controlling question of law as to which there is a substantial ground for difference of opinion").

■ After we issued our show cause order, Stolte filed an application for permission to appeal. The application contains no facts or argument explaining why we should grant permission to appeal; it merely attaches the trial court's order. We will not grant permission to appeal on the basis of this application. However, because there is not yet a rule specifying the contents of an application for permission to appeal and because Stolte did not have the benefit of this opinion when he filed the application, we grant him leave to file an amended application.

### Conclusion

Because Stolte's notice of appeal is "an instrument" filed in a bona fide attempt to invoke this court's jurisdiction, we do not dismiss his appeal for failure to also file the "application for permission to appeal" contemplated by section 51.014(f); assuming an application for permission to appeal is jurisdictional, we grant Stolte an opportunity to correct the error.[1] And, because Stolte's notice of appeal was filed within fifteen days of the date the application was due and he has given a "reasonable explanation" for his failure to file either an application or a notice of appeal timely, we imply—and grant—a motion for extension of time to file the application. Stolte may file an amended application for permission to appeal within ten days after the date this opinion issues.

---

1. We express no opinion as to whether a notice of appeal is required in a section 51.014(d) appeal.