Dismissed and Opinion and Concurring Opinion filed July 20, 2004









Dismissed and Opinion and
Concurring Opinion filed July 20, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00998-CV

_______________

 

DIAMOND PRODUCTS INTERNATIONAL, INC., Appellant

 

V.

 

ARTHUR M. HANDSEL, Appellee

_________________________________________________________

 

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 02‑38531

_________________________________________________________

 

O P I N I O N

In this permissive interlocutory appeal, we address whether
this court may consider the appeal in the absence of a timely‑filed
application for permission to appeal as required by section 51.014(f) of the
Texas Civil Practice and Remedies Code, and, if so, whether this appeal meets
the standards for permissive appeals contemplated by the statute.  We deny the application for interlocutory
appeal and dismiss the appeal.  








Discussion

Appellant, Diamond Products International, Inc. (ADPI@) terminated the employment of
appellee, Arthur M. Handsel.  Appellee
sued DPI for common law fraud and promissory estoppel, claiming DPI had
promised to provide him a three-year written employment contract, which it had
not done.  DPI disputes appellee=s claim and contends it never made
the alleged employment promises.  DPI
filed a motion for summary judgment on the ground that appellee did not
reasonably rely on a promise as required to sustain his claims.  The trial court denied the motion and signed
an order authorizing this interlocutory appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(d)(Vernon Supp. 2004).  

Traditionally, interlocutory appeals have been limited to
appeals of certain types of orders specifically set forth by statute.  See id. ' 51.014(a).  In 2001,
however, the Texas Legislature amended section 51.014 to allow permissive
appeals.  Section 51.014(d), which
applies to cases filed on or after September 1, 2001, provides: 

A district court may issue a written order for
interlocutory appeal in a civil action not otherwise appealable under this
section if: 

(1) the parties agree that the order involves a
controlling question of law as to which there is a substantial ground for
difference of opinion; 

(2) an immediate appeal from the order may materially
advance the ultimate termination of the litigation; and 

(3) the parties agree to the order. 

 

Id. ' 51.014(d).  AIf application is made to the court
of appeals that has appellate jurisdiction over the action not later than the
10th day after the date an interlocutory order under Subsection (d) is entered,
the appellate court may permit an appeal to be taken from that order.@  Id. ' 51.014(f).








On July 2, 2003, the trial court denied appellant=s motion for summary judgment and
signed an order authorizing an interlocutory appeal of its order.  Appellant did not file an application for
permission to appeal in this court. 
Instead, within ten days after the trial court=s order was signed, on July 11, 2003,
appellant filed a notice of appeal.

In ordinary civil appeals, the appellate court=s jurisdiction is invoked when an
appellant timely files Aan instrument in a bona fide attempt to invoke the appellate
court=s jurisdiction.@ 
Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997) (citing Grand
Prairie I.S.D. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex.
1991)).  It is clear that a notice of
appeal is a bona fide attempt to invoke this court=s jurisdiction.  See Stolte v. County of Guadalupe, No.
04-04-00083-CV, 2004 WL 1159388, at *2 (Tex. App.CSan Antonio May 26, 2004, no pet.
h.).  Therefore, when an appellant has
filed a timely notice of appeal, the failure to file an application for
permission to appeal pursuant to section 51.014(f) does not deprive this court
of jurisdiction over the appeal.  

An appellant should be given an opportunity to correct a
defect in the perfecting instrument before an appeal is dismissed.  Verburgt, 959 S.W.2d at 616.  However, in this case, the parties have fully
briefed the issues in the appeal. 
Accordingly, we find it unnecessary under these circumstances to require
appellant to file an application for permission to appeal.  Instead, we review the issues presented in
the briefs to determine if the standards contemplated under section 51.014(f)
have been satisfied.  








Section 51.014(f) does not specify the contents of an
application for permission to appeal, and the supreme court has not yet enacted
rules of procedure to implement the statute. However, to persuade the court of
appeals to grant permission to appeal, appellant should include facts and
argument addressing the requirements of section 51.014(d): that the order Ainvolves a controlling question of
law as to which there is a substantial ground for difference of opinion@ and that Aan immediate appeal  . . . may materially advance the ultimate
termination of the litigation.@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(d) cf. Fed. R. App. P. 5(b)(1) (providing
petition for permission to appeal must include Athe facts necessary to understand the
question presented@ and Athe reasons why the appeal should be allowed and is
authorized@); see Richardson v. Kays, No.
02‑03‑241‑CV, 2003 WL 22457054, at *2 (Tex. App.CFort Worth Oct. 30, 2003, no pet.)
(mem. op.) (denying application to appeal that did Anot mention, discuss, or analyze why
the issue . . . involves a controlling question of law as to which there is a
substantial ground for difference of opinion@).

The parties did not present facts or argument explaining why
we should grant permission to appeal; however, the reasoning of the parties is
apparent from the briefing.  In effect,
the parties desire to obtain an advance ruling on the summary judgment ground
alleged in the motion before proceeding to trial.  The statute does not contemplate permissive
appeals of summary judgments where the facts are in dispute.  Instead, permissive appeals should be
reserved for determination of controlling legal issues necessary to the
resolution of the case.  While the issue
in the summary judgment is central to appellee=s claim, its resolution does not rest
on a controlling legal issue or materially advance the termination of
the litigation.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(d).  

Accordingly, we deny permission to appeal the interlocutory
order and dismiss the appeal.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion and
Concurring Opinion filed July 20, 2004. 
(Frost, J., concurring.) 
(Edelman, J., concurs in result only).

 

Panel consists of Justices Frost,
Edelman and Seymore.