Dismissed and Majority and Dissenting Opinions filed October 16, 2007








Dismissed
and Majority and Dissenting Opinions filed October 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01084-CV

____________

 

INLINER AMERICAS, INC. N/K/A
FIRSTLINER AMERICAS, INC., INLINER USA, INC., N/K/A FIRSTLINER USA, INC., AND
CAT CONTRACTING, INC., Appellants

 

V.

 

MACOMB FUNDING GROUP, L.L.C., Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2003-14181

 



 

M A J O R I T Y   O P I N I O N

This is an agreed interlocutory appeal of a summary
judgment in a declaratory judgment action.  Appellants contend the trial court
erred in declaring that appellants validly assigned their legal malpractice
claims to appellee.  Specifically, appellants assert that the judgment
contradicts established precedent and public policy.  We conclude the appeal is
untimely, and dismiss this case for lack of jurisdiction. 








I.  Factual and Procedural Background

In 1997, appellee MaComb Funding Group, L.L.C. (AMaComb@) loaned $1.5
million to appellants Inliner Americas, Inc. n/k/a Firstliner Americas, Inc.,
Inliner USA, Inc. n/k/a Firstliner USA, Inc., and CAT Contracting, Inc.
(collectively, the ADebtors@).  This debt was
supported by a promissory note.  The Debtors defaulted on the loan, and Macomb
filed suit.  The parties entered into an Agreed Interlocutory Judgment in
January 2000 in which the Debtors Aacknowledged joint
and several liability and liability for all sums due and owing under the Note
and all costs, attorneys= fees, interest, and expenses pertaining
thereto . . . .@

In June
2000, MaComb and the Debtors executed a APossession, Management, and
Assignment Agreement@ (AAssignment Agreement@) settling the January 2000
judgment.  Under the Assignment Agreement, the Debtors assigned their assets to
MaComb, but agreed to manage the assets for one year.  The Debtors agreement to
manage the assets continued unless MaComb terminated that portion of the
Assignment Agreement.

On March 18, 2003, the Debtors sued their attorneys for
legal malpractice concerning a federal patent lawsuit.  The Debtors
subsequently added MaComb as a defendant and sought a declaratory judgment that
MaComb did not acquire their legal malpractice claims as part of the Assignment
Agreement.  MaComb asserted a counterclaim asking the court to declare that the
legal malpractice claims and any resulting proceeds were transferred by the
Assignment Agreement.

Macomb and the Debtors filed cross-motions for summary
judgment, and on May 17,
2006,
the trial court granted summary judgment in MaComb=s favor.  Pursuant
to a stipulation between the parties, the trial court awarded MaComb reasonable
and necessary attorneys= fees in the amount of $40,372.30 on September 22, 2006.  








On
October 25, 2006, the parties filed an agreed motion for a written order
permitting an appeal of these interlocutory orders, and on November 27, 2006,
the trial court granted the motion and entered an order permitting this agreed
interlocutory appeal.  Appellants filed their notice of appeal on December 1,
2006.

On
February 1, 2007, we issued an order informing the parties that we would
dismiss the appeal unless a response demonstrating grounds for jurisdiction was
filed by February 15, 2007.  The parties timely responded, and we include their
arguments among the issues presented on appeal.

II.  Issues Presented

The
Debtors present five issues for review.  In response to queries from the court,
the Debtors= first two issues address whether we have jurisdiction to consider this
interlocutory appeal and whether, in an agreed interlocutory appeal, the deadline to
file a notice of appeal is determined by the date of the challenged order or
the date on which the trial court entered an order permitting the agreed
interlocutory appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(d) (Vernon
Supp. 2006).  In their next three issues, the Debtors challenge the judgment
against them and in MaComb=s favor, and argue that the documents on
which MaComb relies to prove the assignment do not comply with governing law
and that assignment of their legal malpractice claim is void or unenforceable. 
Because the jurisdictional issues are dispositive, we do not reach the merits
of the appeal.

III.  Appellate Jurisdiction

A.      Absence of
Jurisdiction

All parties contend that this court has jurisdiction to
consider this appeal.  Because
we conclude the appeal is untimely, we hold this Court lacks jurisdiction to
consider the merits of the appeal.  See Tex. R. App. P. 42.3(a).  

This appeal is brought pursuant to section 51.014(d) of the
Civil Practice and Remedies Code, which provides:








A district court, county court at law, or county court may issue a
written order for interlocutory appeal in a civil action not otherwise
appealable under this section if:

(1)     the parties agree that the order involves a
controlling question of law as to which there is a substantial ground for
difference of opinion;

(2)     an immediate appeal from the order may
materially advance the ultimate termination of the litigation; and

(3)     the
parties agree to the order.

Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(d). 
Section 51.014 previously included another subsection that effectively limited
the time available for the parties to obtain a written order for interlocutory
appeal.  Subsection (f) provided as follows: AIf application is
made to the court of appeals that has appellate jurisdiction over the action
not later than the 10th day after the date an interlocutory order under
Subsection (d) is entered, the appellate court may permit an appeal to be taken
from that order.@[1]  








Although subsection (d) does not expressly limit the time
for the trial court to issue a written order permitting an interlocutory
appeal, subsection (f) required the appeal to be filed within ten days of the
interlocutory orderCi.e., the order being appealed.  The
application of this section produced contradictory results.  Compare Stolte
v. County of Guadalupe, 139 S.W.3d 406, 409B10 (Tex. App.CSan Antonio 2004,
no pet.) (implying a motion for extension of time and holding that a permissive
interlocutory appeal was timely although it was filed nineteen days after the
trial court=s order allowing the appeal) with In re D.B.,
80 S.W.3d 698, 701B02 (Tex. App.CDallas 2002, no
pet.) (dismissing appeal filed twelve days after interlocutory order and
holding that, unlike other interlocutory appeals, the ten-day deadline cannot
be extended by fifteen days on proper motion).  See also Diamond
Prods. Int=l, Inc. v. Handsel, 142 S.W.3d 491,
495B96 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (Frost, J., concurring) (discussing procedural
uncertainties associated with a permissive interlocutory appeal); Bill Analysis, S. 79-C.S.H.B. 1294, 1st
Sess. (2005) (ATexas courts of appeals have shown confusion about the
procedure for taking a permissive appeal under Section 51.014.@). 

The repeal of subsection 51.014(f) changed the permissive
nature of the appeal and removed the separate deadline for instituting a
permissive interlocutory appeal, leaving only subsection 51.014(d) to govern
agreed interlocutory appeals.  In the absence of a separate deadline, these
appeals are subject to the twenty-day deadline governing accelerated appeals
generally.  See Tex. R. App. P. 28.1
(AAn appeal from an
interlocutory order, when allowed, will be accelerated.  Filing a motion for
new trial will not extend the time to perfect the appeal.@); Tex. R. App. P. 26.1(b) (A[I]n an
accelerated appeal, the notice of appeal must be filed within 20 days after the
judgment or order is signed . . . .@).[2]

Here, the order granting summary judgment was signed on May
17, 2006 and entered on May 18, 2006.  An additional order signed on September
22, 2006 awarded attorneys= fees to MaComb.  The parties filed an agreed
motion for written order of interlocutory appeal on October 25, 2006, and the
trial court signed the order on November 27, 2006.  Appellants filed a notice
of appeal on December 1, 2006.  The parties contend  this court has
jurisdiction to consider the appeal because litigants must take an agreed
interlocutory appeal within twenty days of the written order permitting the
appeal, rather than within twenty days from the interlocutory order that is the
subject of the appeal.  We disagree.  A trial court=s written order
permitting an interlocutory appeal is not itself an interlocutory order, and
the parties have cited no authority enlarging the time to file an agreed
interlocutory appeal beyond the time limits provided for other accelerated
appeals.  








Moreover, under the interpretation urged by the parties,
litigants could extend the time available to Astart the
appellate clock@ by postponing the filing of a motion for
an order permitting the appeal.  This interpretation is inconsistent with the
accelerated nature of the appeal and with the plain language of the Rules of
Appellate Procedure that set forth appellate deadlines.  It is also
inconsistent with the intent of the legislature as expressed in the words of
the statute: significantly, the legislature permits an agreed interlocutory
appeal if Aan immediate appeal from the order may materially
advance the ultimate termination of the litigation . . . .@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(d)(2)
(emphasis added).  This appeal was not Aimmediate.@[3]  As succinctly
stated by the Texas Supreme Court, A[I]n an
accelerated appeal, absent a rule 26.3 motion [to extend the time to file the
notice of appeal], the deadline for filing a notice of appeal is strictly set
at twenty days after the judgment is signed, with no
exceptions . . . .@  In re K.A.F.,
160 S.W.3d 923, 927 (Tex. 2005) (emphasis added), cert. denied, 546 U.S.
961, 126 S. Ct. 483, 163 L. Ed. 2d 364 (2005).  Thus, we conclude this appeal
is untimely.  See Tex. R. App. P.
26.1(b). 

B.      Request
for Abatement








The Debtors ask that, if we conclude we lack jurisdiction
over this appeal, we abate the appeal to allow a reasonable time for the
Debtors to obtain a ruling from the trial court severing the declaratory
judgment on the assignment of the legal malpractice claim and the trial court=s award of
attorneys= fees from the remaining issues.  We do not agree that
abatement is an appropriate remedy.  First, an appeal following severance would
be an appeal of a final order, and unlike the appeal presented, would no longer
be an accelerated interlocutory appeal entitled to precedence over other
similar cases.  See Tex. R. App.
P. 40.1(b).  Moreover, the Debtors= lengthy delay in
seeking an order for interlocutory appeal is not a mere formal defect or an
irregularity in appellate procedure.  Cf. Tex. R. App. P. 44.3 (allowing parties a reasonable time to
correct or amend such defects or irregularities).  It also is not an error
attributable to the trial court.  Cf. Tex.
R. App. P. 44.4.  Finally, having failed to bring an agreed
interlocutory appeal in a timely fashion, the parties nevertheless are free to
pursue a severance order and appeal the judgment as a final order.  

IV. 
CONCLUSION

Because
this appeal is untimely, we conclude we lack jurisdiction.  See Tex. R. App. P. 42.3(a).  We therefore
dismiss the appeal without reaching the merits of appellants= arguments concerning the
interlocutory orders at issue.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment
rendered and Majority and Dissenting Opinions filed October 16, 2007.

Panel
consists of Chief Justice Hedges, Justice Guzman, and Senior Justice Hudson.* (Chief Hedges, J.,
dissenting)









[1]  Act of May 17, 2001, 77th Leg., R.S., ch. 1389, ' 1(f), 2001 Tex. Gen. Laws 3575, 3575, repealed
by Act of May 25, 2005, 79th Leg., R.S., ch. 1051, ' 2, 2005 Tex. Gen. Laws 3512, 3513, eff. June 18,
2005. 





[2]  This timeline also accords with the analogous
federal appellate rule.  See Fed.
R. App. P. 5(a)(2) (stating that, unless otherwise specified by statute
or rule, a petition for permissive appeal must be filed Awithin the time provided by Rule 4(a) for filing a
notice of appeal@); Fed. R. App.
P. 4(a) (stating that, with certain exceptions, a notice of appeal Amust be filed with the district clerk within 30 days after
the judgment or order appealed from is entered@) (emphasis added).





[3]  Our analysis is unaffected by cases that address the
circumstances under which an order disposes of Aall parties or issues in a particular phase of the proceedings.@  De Ayalya v. Mackie, 193 S.W.3d 575, 579
(Tex. 2006) (holding that an order in an ancillary probate proceeding denying a
plea to the jurisdiction and refusing to remove an executor is interlocutory).





* 
Senior Justice J. Harvey Hudson sitting by assignment.