ACCEPTED
06-13-00051-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/26/2015 10:19:44 AM
DEBBIE AUTREY
CLERK

## NO. 06-13-00051-CV

**IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/26/2015 10:19:44 AM
DEBBIE AUTREY
Clerk

**WARREN WHISENHUNT,**
Appellant,

v.

**MATTHEW LIPPINCOTT and CREG PARKS,**
Appellees and Cross-Appellants,

**On Appeal from the County Court at Law of Hopkins County, Texas
Cause No. CV41303
The Honorable Amy M. Smith Presiding**

**APPELLEES AND CROSS-APPELLANTS, MATTHEW LIPPINCOTT
AND CREG PARKS', MOTION FOR REHEARING**

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone: (512) 371-1006
Facsimile: (512) 476-6685
jon@jonmichaelsmith.com

1

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

Appellees and Cross-Appellants, Matthew Lippincott and Creg Parks, file this motion for rehearing and would show as follows:

## INTRODUCTION

Lippincott and Parks request that this Court reconsider its decision not to consider their cross appeal. Texas law and judicial economy support the consideration of the cross appeal.

## THE CROSS APPEAL WAS TIMELY FILED

This Court concluded that because Lippincott and Parks' cross appeal was not timely filed that it did not have jurisdiction to consider it. The court relied on a mix of appellate court decisions, none of which specifically addresses the issue in this case. There are other appellate opinions that either address the issue more directly or that set forth a preferable approach to this issue and which should be followed.

The version of the TCPA in effect at the time relevant to this case does not provide a deadline for a cross appeal. As then worded, the statute stated, "An appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed." Act of May 21, 2011, 82d Leg., R.S., ch. 341, §2, Sec. 27.008(c), 2011

Tex. Gen. Laws 961, 963 . There is nothing in any part of section 27.008 of the TCPA that prohibits a cross-appeal or prevents a party from filing a cross-appeal by complying with the deadline set forth in Tex. R.App. P. 26.1(d). As stated in this court's opinion, Whisenhunt timely filed a notice of appeal, satisfying the statute's requirement for filing "an appeal."

The plain meaning of Rule 26.1(d) shows that it applies to the deadline to file a notice of cross-appeal in any situation, including an appeal under the TCPA. Rule 26.1(d) states, "if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later." Rule 26.1(d) is not limited to any particular type of appeal and does not exclude accelerated appeals.

The cases cited by the Court in support of its decision do not address the issue of a cross appeal after an appeal has been perfected. In *Jain v. Cambridge Petroleum Grp., Inc.*, 395 S.W.3d 394 (Tex. App.—Dallas 2013, no pet.) the Dallas Court of Appeals was considering whether the deadline for perfecting an appeal under the TCPA could be extended by the weekend provisions of Texas Rule of Appellate Procedure 4.1. In holding that the deadline could not be extended in that way, the Dallas court cited Texas Rule of Appellate Procedure 28.1(b). That rule states, "Unless otherwise provided by statute, an accelerated appeal is **perfected** by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3." (emphasis added). Unlike Rule 28.1(b), Rule 26.1(d) does not contain the limiting language of "unless otherwise provided by statute."

3

Similarly, the other case cited by the Court on this point, *In re D.B.*, 80 S.W.3d 698 (Tex. App.—Dallas 2002, no pet.) discussed the deadline for perfecting an appeal in order to vest the appellate court with jurisdiction. The court in D.B. stated, "When a statute provides the deadline for perfecting an appeal, compliance with that statutory deadline, not the deadline in the rules of appellate procedure, is necessary to give the appellate court jurisdiction. *In re D.B.*, 80 S.W.3d at 702. When Whisenhunt timely filed his notice of appeal this court obtained jurisdiction over the appeal.

The Dallas Court of Appeals actually considered the specific issue before this Court in *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865 (Tex. App.—Dallas 2014, no pet.) In the *Gonzalez* case the court considered whether a cross appellant was entitled to the additional fourteen days provided under Texas Rule of Appellate Procedure 26.1(d) in the context of an appeal under the TCPA. The court in *Gonzalez* held that because section 27.008(a) states that a party "may" appeal, that created a permissive right of interlocutory appeal. Because Dinah was not required to file an interlocutory appeal and could appeal after final judgment, the court denied AHC's motion to dismiss Dinah's cross appeal for lack of jurisdiction. This Court should make the same ruling.

In discussing the case of *Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2009), the *Gonzalez* court reasoned that, "The court also concluded that permitting the appeal after final judgment would advance the legislature's purpose in adopting the motion-to-dismiss procedure by facilitating a defendant's right to seek redress for defending a meritless claim and by perhaps reducing the number of interlocutory appeals." *Id.* Similarly in the

4

instant case, if the point of the TCPA's dismissal procedure is one of judicial economy, then it is contrary to that goal to set up a framework in which there could potentially be two appeals instead of only one. In other words, because the TCPA's interlocutory appeal right is permissive, Petitioners could have immediately appealed the court's partial denial of their motion to dismiss, or they could have waited and appealed that denial after final judgment. Because Respondent chose to appeal the partial granting of the motion to dismiss on an interlocutory basis, it only makes sense that a cross-appeal would be allowed to frame all of the issues at once as opposed to having a second potential appeal looming after this case is concluded. Presumably at least a part of the purpose behind Rule 26.1(d) is to allow a party to determine whether it appeals based on whether the other party appeals. Because of the 14-day window provided by Rule 26.1(d) many appeals that would be filed "just in case" are never filed. There is no reason to eliminate that effective tool in the context of the TCPA's interlocutory appeal scheme.

The other two cases cited by the Court, *Valerus Compression Servs. v. Reeves Cnty. Appraisal Dist.*, No. 08-13-00366-CV, 2014 WL 645035 (Tex. App.—El Paso Feb 19, 2014, no pet.)(mem. op.) and *Charette v. Fitzgerald*, 213 S.W.3d 505 (Tex. App.—Houston [14th Dist.] 2006, no pet.) fail to address the issue before this Court. In both of those cases the courts of appeals dismissed cross appeals that had failed to meet the deadline under TRAP 26.1(d). Lippincott and Parks met that deadline and, therefore, this Court has jurisdiction to consider the cross appeal.

The better approach in deciding this issue is that taken by the San Antonio Court of Appeals in *Stolte v. Cnty. Of Guadalupe*, 139 S.W.3d 406, 408 (Tex. App.—San

5

Antonio 2004, no pet.). The court in *Stolte* specifically disagreed with the Dallas Court of Appeals' opinion in the *In re D.B.* case. In *Stolte*, the court held that an application for permission to appeal pursuant to Texas Civil Practice & Remedies Code §51.014(f) is subject to the motion for extension of time provision in TRAP 26.3(b). In so holding, the San Antonio court cited the Texas Supreme Court in stating that, "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. *Stolte*, 139 S.W.3d at 409, citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The Supreme Court made no distinction between various types of appeals in that opinion.

This court should follow the reasoning applied in *Stolte* and *Verburgt* and consider Lippincott and Parks' cross appeal. As has been previously briefed in this Court, because Whisenhunt failed to meet his burden in responding to the TCPA motion to dismiss with regard to his defamation claim, if this Court grants this motion for rehearing and considers the cross appeal, it will likely result in the dismissal of Whisenhunt's final remaining cause of action.

Because the 14-day window for cross-appeals provided for by TRAP 26.1(d) applies in this case, this Court has jurisdiction on Petitioners' cross-appeal.


## *PRAYER*

***FOR THE FOREGOING REASONS***, Appellees and Cross-Appellants pray that this Court grant this motion for rehearing and consider their cross appeal.

6

Appellees and Cross-Appellants further pray that this court reverse the trial court's refusal to dismiss Whisenhunt's defamation claim and reverse Judge Smith's failure to impose the mandatory sanction against Whisenhunt and remand this case to the trial court for the purpose of allowing the court to consider evidence regarding the proper imposition of attorney's fees, costs and sanctions.

Respectfully submitted,


_/s/_Jon Smith_____
Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone: (512) 371-1006
Facsimile: (512) 476-6685
jon@jonmichaelsmith.com


*ATTORNEY FOR APPELLEES AND CROSS-APPELLANTS LIPPINCOTT AND PARKS*


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), to the extent applicable, I certify that this brief contains 1628 words.


_/s/_Jon Smith_____
Jon Michael Smith

7

## CERTIFICATE OF SERVICE

I, Jon Michael Smith, do hereby certify that a true and correct copy of the foregoing document was delivered to all attorneys of record as listed below via fax on August 26, 2015.

Alan E. Brown         Via Fax: 903-597-2413
Ramey & Flock, P.C.
100 East Ferguson
Suite 500
Tyler, Texas 75702


Farbod Farnia         Via Fax: 214-741-4717
McCathern, L.L.P.
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219



_/s/_ Jon Smith_____
Jon Michael Smith