ACCEPTED
06-15-00072-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/25/2015 8:26:48 PM
DEBBIE AUTREY
CLERK

06-15-00072-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/25/2015 8:26:48 PM
DEBBIE AUTREY
Clerk

# IN THE SIXTH COURT OF APPEALS OF TEXAS

## HALEY BROWN

*PETITIONER/APPELLANT*,

v.

R.K HALL CONSTRUCTION, LTD., RKH CAPITAL, LLC, and STACY LYON
D/B/A LYON BARRICADE & CONSTRUCTION
RESPONDENTS/APPELLEES

Arising from an interlocutory Order signed on August 27, 2015, in Brown v. R.K. Hall Const. Ltd., et al., Cause No. 82395in the 62nd Judicial District Court of Lamar County, Texas
Hon Will Biard, Presiding

## PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR INTERLOCUTORY APPEAL

KEVIN W. VICE
State Bar No. 00785150
Kvice@mmvllp.com
DALE H. HENLEY
State Bar No. 24048148
Dhenley@mmvllp.com
BRIAN L. BENITEZ
State Bar No. 24082679
Bbenitez@mmvllp.com
5368 State Hwy. 276
Royse City, Texas 75189
(469) 402-0450
(469) 402-0461 (Facsimile)
ATTORNEYS FOR PETITIONER/APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

Judge Presiding at time of
Interlocutory Order

Hon. Will Biard
119 North Main
Paris, Texas, 75460

Plaintiff/Petitioner/Appellant
Haley Brown's Trial Counsel

Kevin W. Vice
State Bar No. 00785150
Mayo, Mendolia & Vice
5368 State Hwy. 276 West
Royse City, Texas 75189
kvice@mmvllp.com

Dale H. Henley
State Bar No. 24048148
Mayo, Mendolia & Vice
5368 State Hwy. 276 West
Royse City, Texas 75189
dhenley@mmvllp.com

Plaintiff/Petitioner/Appellant's
Haley Brown's Counsel on
Interlocutory Appeal

Kevin W. Vice
Dale H. Henley
Brian L. Benitez
State Bar No. 24082679
Mayo, Mendolia & Vice
5368 State Hwy. 276 West
bbenitez@mmvllp.com

Defendant/Respondent/Appellee
R.K. Hall Construction, Ltd's, and
RKH Capital, LLC's Counsel at
Trial and on Appeal

Blair Partlow
Fox Rothschild, LLP
Two Lincoln Tower
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
bpartlow@foxrothschild.com

Defendant/Respondent/Appellee
Stacy Lyon d/b/a Lyon Barricade &
Construction's Counsel at Trial
and on Appeal

Greg K. Winslett
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
2001 Bryan St. , Suite 1800
Dallas, Texas 75201
gwinslett@gslwm.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

MOTION TO EXTEND TIME TO FILE PETITION FOR INTERLOCUTORY
APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

   I. ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 1

      A. BACKGROUND AND EXPLANATION . . . . . . . . . . . . . . . . . . . . . 1
      B. REQUEST FOR EXTENSION OF TIME UNDER TEXAS RULE OF
         APPELLATE PROCEDURE 26.3 . . . . . . . . . . . . . . . . . . . . . . . 2
      C. REQUEST FOR EXTENSION OF TIME UNDER TEXAS RULE OF
         CIVIL PROCEDURE 306a(5) . . . . . . . . . . . . . . . . . . . . . . . . . 4
      D. VIOLATION OF PETITIONER'S CONSTITUTIONAL DUE PROCESS
         RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   II. CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VERIFIED MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATES OF COMPLIANCE AND CONFERENCE . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

## RULES

Tex. R. App. P. Ann. 1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. P. Ann. 10.1(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. Ann. 10.1(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. Ann. 10.5(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. Ann. 10.5(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. Ann. 10.5(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. Ann. 10.5(b)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Tex. R. App. P. 26.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii; 3; 4;6;8

Tex. R. Civ. P. 168 (West2015) . . . . . . . . . . . . . . . . . . . . vii; viii; ix; 2; 4

Tex. R. Civ. P. 306a(3) (West2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. Civ. P. 306a(5) (West2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4;5;6

## CASES

*Creel v. Dist. Atty. for Medina County,* 818 S.W.2d 45 (Tex. 1991)) . . . . . . . . . . 7

*Doue v. City of Texarkana,* 786 S.W.2d 474 (Tex. "App.–Texarkanat 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Estate of Marshall,* No. 04-15-00521-CV, 2015 WL 5245268 (Tex. App.– San Antonio 2015, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Griffin v. Griffin,* 327 U.S. 220 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hernandez v. Ebrom,* 289 S.W.3d 316 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . 1

*Hone v. Hanafin,* 104 S.W.3d 884 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 1

*Johnson v. Williams,* 109 S.W.2d 213 (Tex. Civ. App. – Dallas 1937, no writ . . . 7

*McKenna v. Ellis,* 263 F.2d 35 (5th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . 7

*Memphis Light, Gas, & Water Division v. Craft,* 436 U.S. 1 (1978) . . . . . . . . . . 7

*Schroeder v. City of New York,* 371 U.S. 208 (1962) . . . . . . . . . . . . . . . . . . . . 6

*Stolte v. County of Guadalupe,* 139 W.W.3d 406 (Tex. App.–San Antonio 2004, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3;5

*Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997) . . . . . . . . . . . . . . . . . . . . . . 3;5

## STATUTES

Tex. Civ. Prac. & Rem. Code §51.014(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## ISSUES PRESENTED

1.      Whether good cause exists for this Court to grant Petitioner additional time in which to perfect her permissive interlocutory appeal given that: (1) the Trial Court clearly intended to grant Petitioner the permissive right to seek interlocutory appeal of its August 27, 2015 Order; (2) but the Clerk of the Trial Court never served its interlocutory order on either Petitioner or her counsel; and (3) Petitioner did not receive actual notice of the Order until more than thirteen days of her normal 15 day deadline had already passed; and (4) Petitioner timely filed both her Motion to Extend Time to File Interlocutory Appeal and her Petition for Interlocutory Appeal.

## STATEMENT OF FACTS

This Motion to Extend Time to File Petition for Interlocutory Appeal arises from an Order entered by the 62nd Judicial District Court in Lamar County, Texas, on August 27, 2015, in Cause No. 82395; *Haley Brown v. RK Hall Construction, LTD, Stacy Lyon d/b/a Lyon Barricade & Construction, & Texas Department of Transportation*, Honorable Judge Will Biard presiding.

Petitioner's Application for Interlocutory Appeal would have been due on September 11, 2015, had the Trial Court's Order contained all the information required by Texas Rule of Civil Procedure 168, as shall be discussed below. Tex. R. App. P. Ann. 10.5(b)(1)(A) (West 2015). Petitioner seeks an additional 30 days in which to perfect her interlocutory appeal; such date to be measured as 30 days from the date Court signs the Order granting the instant Motion. *Id.*, at (b)(1)(B); *Id.*, at 10.1(a)(3). The facts upon which Petitioner relies in this Motion, and the particular grounds upon which such Motion are based are set forth throughout Section (I) herein. *Id.*, at (b)(1)(C); *Id.*, at 10.1(a)(2) No previous extensions of time have been granted in this matter. *Id.*, at (b)(1)(D).

The underlying lawsuit was filed by Petitioner on March April 18, 2013, in the 62nd District Court. The lawsuit involves personal injuries sustained by Petitioner during an accident that occurred on Highway 82 in Lamar County, Texas, on or about

March 16, 2012, while Highway 82 was under construction. Petitioner drove unimpeded through a construction zone and collided with a shuttle buggy, causing serious bodily injury. In the suit, Petitioner made claims against the Texas Department of Transportation, R.K. Hall Construction, Ltd., and Stacy Lyon d/b/a Lyon Barricade & Construction, alleging various theories of liability surrounding the failure to design and implement a safe traffic control plan.

On or about August 27, 2015, Judge Biard signed an order granting various motions for summary judgment filed by Respondents, which was nominated "Order Granting Traditional and No Evidence Motions for Summary Judgment of R.K. Hall Construction, Ltd., and Stacy Lyon d/b/a Lyon Barricade & Construction" (hereinafter referred to as the "Order"). A copy of the Order is attached hereto as Exhibit 1. In the Order, the trial court gave Petitioner permission to file an interlocutory appeal, via the following language:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Haley Brown, is granted permission to file a Petition for Interlocutory Appeal in the 6th Court of Appeals of this Court's granting of Defendant's Motions..."

*See* Exhibit 1.

Thus, Plaintiff/Appellant's Application for Interlocutory Appeal would have been due on September 11, 2015 had Judge Biard's Order contained all the information required by Texas Rule of Civil Procedure 168. However, the Order did

not specify the controlling issue of law as to which there is a substantial difference of opinion, and why an immediate appeal may materially advance the ultimate termination of the litigation, as required by Tex.R.Civ.P Ann. 168 (West 2015). With the understanding that the Order did not comply with Tex.R.Civ.P Ann. 168 (West 2015), on or about September 21, 2015, Petitioner filed a Motion to Modify Judgment and Alternative Motion to Extend Time to File Interlocutory Appeal in the trial court, wherein Petitioner requested that the trial court modify the order to comply with Texas Rule of Civil Procedure 168, or alternatively, to extend Petitioner's deadline to file her Petition for Interlocutory Appeal in this Court. As of the date of the filing of this Motion, Petitioner's Motion to Modify and Alternative Motion to Extend Time to File Interlocutory Appeal has not been heard by the trial court. A copy of said Motion with all Exhibits is attached hereto as Exhibit 2.

More importantly however, neither Petitioner, nor Petitioner's counsel received proper or timely notice of the Order entered by the trial court. The specific factual and procedural background in this regard is as follows:

On August 13, 2015, the trial court heard argument on "Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment," "Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment" and "Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional

and No Evidence Motion for Summary Judgment." Thereafter, on or about August 20, 2015, the trial court, via email, advised counsel for all parties that it would grant Defendants' motions, give Petitioner the right to an interlocutory appeal (although not requested by Petitioner), and requested that Defendants/Respondents' counsel submit a proposed order consistent with the Court's ruling.

Thereafter, on or about August 24, 2015, Defendants/Respondents' Counsel submitted a proposed order. The trial court evidently signed the order submitted by Defendants/Respondents on August 27, 2015, yet, as of this date, neither Petitioner nor Petitioner's has received a copy of the Order from the clerk of the trial court as required by the Texas Rules of Civil Procedure. *See* Tex.R.Civ.P. Ann. 306a (West 2015). In fact, Petitioner's counsel received the Order for the first time via fax from counsel for Respondent Lyon Barricade's counsel at 3:44 p.m., on September 9, 2015 (13 ½ days after the Order was signed by the Court). *See* Affidavit of Dale H. Henley *and* Affidavit of Haley Brown, attached hereto as Exhibits 3 and 4 respectively.

On Monday, September 14, 2015, Defendants/Respondents filed a Joint Motion to Sever in the trial court, noting that Petitioner had not timely filed a petition with the court of appeals requesting an interlocutory appeal. Defendants/Respondents' motion to sever further asked the trial court to sever the claims by and against

Defendants/Respondents, so that the summary judgment disposing of their claims will become final. *See* Defendant RK Hall Construction, Ltd. and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Joint Motion for Severance, attached hereto as Exhibit 5.

Thereafter, as noted above, in light of comments made in Defendants/Respondents' Motion to Sever, and in an overabundance of caution, Petitioner filed her Motion to Modify and Alternative Motion to Extend Time to File Interlocutory Appeal in the trial court. In that same vein, and in the same overabundance of caution, Petitioner hereby files this Motion to Extend Time to File Petition for Interlocutory Appeal with this Court, and for same, would show this honorable Court as follows.

HALEY BROWN §
Petitioner/Appellant, §
§
§
§
v. §
§
RK HALL CONSTRUCTION, LTD. §
RKH CAPITAL, LLC, §
STACY LYON d/b/a LYON §
BARRICADE & CONSTRUCTION §
Respondents/Appellees §

---

## MOTION TO EXTEND TIME TO FILE
## PETITION FOR INTERLOCUTORY APPEAL

---

Petitioner/Appellee, Haley Brown, Plaintiff in the trial court below, submits and files this Motion to Extend Time to File Petition for Interlocutory Appeal, from an Order entered by the 62nd Judicial District Court in Lamar County, Texas, on August 27, 2015. In this Motion, Movant and Petitioner/Appellee Haley Brown will be referred to as "Petitioner," Respondent/Appellee R.K. Hall Construction, Ltd. will be referred to as "Respondent RK Hall," Respondent Stacy Lyon d/b/a Lyon Barricade & Construction will be referred to as "Respondent Lyon Barricade," and Respondents/Appellees collectively will be referred as "Respondents" of "Defendants/Respondents."

## MOTION TO EXTEND TIME TO FILE
## PETITION FOR INTERLOCUTORY APPEAL

**I.**        *Arguments and Authority*

    **A.**     *Background and Explanation*

Before presenting her argument on this motion to extend time, Petitioner wants to make clear on the record that this motion to extend time is being made in an overabundance of caution, and in expectations of, and to avoid, future arguments of opposing counsel on appeal. As noted above, Petitioner never requested, nor desired, a right to an interlocutory appeal. Instead such right was provided in the trial court's Order granting the Defendants/Respondents' motions for summary judgment, which was drafted by Defendants/Respondents' counsel. However, as discussed above, the Order does not meet the requirements of Texas Rule of Civil Procedure 168, and, thus, Petitioner believed that any attempt by her to file an interlocutory appeal based on said Order would have been rejected and denied by this Court. *See, Estate of Marshall*, No. 04-15-00521-CV, 2015 WL 5245268, at *1 (Tex.App.– San Antonio 2015, no writ).

However, a close reading of the Joint Motion for Severance by Respondents herein at the trial court level reveals that Respondents believe the deadline for Petitioner to file a petition for interlocutory appeal had passed, and that by the trial court granting the severance, Petitioner will have lost her right to appeal the motions

for summary judgment granted in their favor. *See*, Ex. 5, page 2.

It is Petitioner's position that her right to interlocutory appeal has not been created due to the lack of the prerequisites of Rule 168 being met. However, even if it is determined that the Order is a proper appealable interlocutory order, Petitioner has not waived her right to file and conduct an ordinary appeal after a final judgment is entered, either by way of severance or by final judgment in this cause. In other words, even if Petitioner decided not to, or failed to, exercise her *permissive right* to perfect the interlocutory appeal, her ordinary appeal rights still exist after final judgment is entered by the trial court. *See, Hernandez v Ebrom*, 289 S.W.3d 316, 319-20 (Tex. 2008) (relying on a plain language reading of the statute, and finding that the Legislature's use of "may" categorizes interlocutory appeals as permissive rights which do not prejudice a petitioner's right to appeal from a final judgment).

However, in light the apparent position of Respondents as set for in the motion to sever filed in the trial court, Petitioner files this Motion to Extend Time to File Petition for Interlocutory Appeal as follows:

### B. *Request for Extension of Time under Texas Rule of Appellate Procedure . 26.3*

The Texas Rules of Appellate Procedure "govern procedure in appellate courts...." and a party's rights on appeal. Tex.R.App.P. 1.1. The rules and policies regarding perfection of an appeal are well-established in ordinary civil appeals and

interlocutory appeals authorized by section 51.014(a). *Stolte v County of Guadalupe*, 139 S.W.3d 406, 409 (Tex.App.–San Antonio 2004, no writ). A party who fails to file a perfecting "instrument" by the deadline may, within fifteen days after the date the instrument was due, move for an extension of time. *See* Tex. R. App. P Ann. 26.3 (West 2015). In fact, the Texas Supreme Court has held that "[a] motion for extension of time is necessarily implied when an appellant acting in good faith files [a perfecting instrument] beyond the time allowed by [the rules], but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline...." *Id., citing Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). Both Rule 26.3 and *Verburgt* apply to appeals of interlocutory orders authorized by section 51.014(a). *See, Hone v. Hanafin*, 104 S.W.3d 884 (Tex.2003) (applying Rule 26.3 and *Verburgt* to interlocutory appeal of order sustaining special appearance).

Here, Petitioner is filing this specific motion to extend time within 15 days from the date its petition for interlocutory appeal was purportedly due to be filed. Thus, this motion is timely filed under the guise of Tex.R.App.P. 26.3.

Petitioner did not initially file a Petition for Interlocutory in a timely manner because neither Petitioner nor Petitioner's counsel received proper or timely notice of the Order (as discussed above and below and in the attached affidavits), and once Petitioner' counsel did receive a faxed copy of the order from opposing counsel with

just one day left to initiate the Petition, Petitioner did not believe the Order was a proper order from which to initiate an interlocutory appeal due to the lack of specificity required by Tex.R.Civ.P. 168. Thus, good cause exists to grant this motion to extend time under Tex.R.App.P. 26.3.

Accordingly, Petitioner asks the Court to extend the time to perfect its interlocutory appeal under the purview of Rule 26.3, for an additional 30 days from the time this Court signs the Order granting Petitioner/Appellant's Motion; and accept and grant Petitioner's Petitiuon for Interlocutory Appeal being filed concurrently herewith.

### C.  *Request for Extension of Time Under Tex.R.Civ.P. 306a(5)*

Additionally, Petitioner asks the Court to extend the deadline to file Petitioner's petition for interlocutory appeal under Rule 306a(5). In this regard, Petitioner respectfully asks the Court to find and determine that Petitioner has not yet received notice of the Order from the clerk of the Court, as required by T.R.C.P. 306a(3), and that Petitioner received actual knowledge of the Order thirteen days after it was signed, via fax from opposing counsel. *See* Affidavit of Dale Henley and Affidavit of Haley Brown, attached hereto as Exhibits 3 and 4.

As argued by Defendants/Respondents in their Joint Motion for Severance, in order to be timely, a petition for interlocutory appeal must be filed within 15 days

from the date the order or judgment from which it is appealing was signed. Due to the lack of timely notice of the Order, Petitioner was given only one full day to file her petition for interlocutory appeal, after receiving a copy of the Order via fax from opposing counsel.

Although Petitioner's untimely notice of the Order, and Petitioner's request for to extend the deadline to file for an interlocutory appeal, do not fall squarely in the purview of T.R.C.P 306a(5), it would be unjust and inconsistent with the intent of Rule 306a to preclude Petitioner's right to file an interlocutory when Petitioner did not get timely and proper notice of the Order.

"The Texas Supreme Court has not yet enacted rules of procedure to implement the permissive interlocutory appeal permitted by section 51.014(f)." *Stolte*, 139 S.W.3d at 408. However, it is well established that "[i]n ordinary civil appeals, the appellate court's jurisdiction is invoked when an appellant timely files "an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"; thus, "an appellate court may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error." *Dorner*, 959 S.W.2d 615, 616 (Tex.1997).

The intent of Rule 306a is clear: it is to give parties who do not get timely and proper notice of a order or judgment adequate time to appeal. However, Rule 306a

contemplates a standard, typical final order or judgment being signed, not an order regarding an interlocutory appeal, and thus, the rule applies if the party receives actual notice of the order or judgment 20 days after the judgment was signed. Tex.R.Civ.P. 306a(5). Had Petitioner received actual notice of the Order 20 days after the Order was signed, her deadline to file the petition for interlocutory appeal would have expired five days prior. Given the cases cited above, Tex.R.App.P. 26.3, and Tex.R.Civ.P. 306a, the intent of the rules and appellate courts are clear. A party should not lose its right to appeal because of untimely notice of an order or judgment, or because a procedural error which the party did not have an opportunity to cure. Thus, consistent with the intent of Rule 306a, Petitioner asks this Court to extend the deadline to file her petition for interlocutory appeal.

### D. *Violation of Petitioner's Constitutional Due Process Rights*

Moreover, depriving Petitioner of her right to appeal because of untimely and improper notice of the Order, would be a violation of Petitioner's constitutional due process rights. "[T]he requirement that parties be notified of proceedings affecting their legally protected interests is obviously a vital corollary to one of the most fundamental requisites of due process – the right to be heard." *Schroeder v. City of New York*, 371 U.S. 208, 212, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962). Thus, "[t]here can be no due process without reasonable notice and a fair hearing."

## *II. Conclusion and Prayer*

As argued herein, the Petitioner's rights in this matter were substantially prejudiced due to the failure of the Clerk of the Trial Court to transmit a copy of the Trial Court's Order. By the time Petitioner's trial counsel received that Order from opposing counsel, 13.5 days of her traditional 15 day deadline had already passed. Thus, this Court should grant additional time pursuant to Texas Rule of Appellate Procedure 26.3, because Petitioner has timely filed this Motion.

However, in the instant matter, the Trial Court's Order did not comply with Rule 168; therefore, said Order is insufficient to cause Petitioner's appellate deadlines to commence. Nonetheless, in an abundance of caution, and for the reasons set forth above, Petitioner respectfully asks this Court to Grant her Motion to Extent Time, and to provide her 30 days from the time the Order granting this Motion is signed in which to perfect her appeal, and to grant her any other relief to which she has shown herself entitled.

Respectfully submitted:

**MAYO MENDOLIA & VICE, L.L.P.**


By: /s/ Kevin W. Vice
    KEVIN W. VICE
    kvice@mmvllp.com
    State Bar No. 00785150
    DALE H. HENLEY
    dhenley@mmvllp.com
    State Bar No. 24048148
    BRIAN L. BENITEZ
    bbenitez@mmvllp.com
    State Bar No. 24082679

5368 State Highway 276
Royse City, Texas 75189
(469) 402-0450
(469) 402-0461 (Facsimile)

**ATTORNEY FOR PETITIONER
HALEY BROWN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, **on this 25th day of September, 2015:**

Blair Partlow                                                         *Via E-File Service*
Fox Rothschild, LLP
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240

Ed Carlton                                                           *Via E-File Service*
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan St., Suite 1800
Dallas, Texas 75201

Garland Williams                                                     *Via E-File Service*
Transportation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

/s/ Kevin W. Vice
KEVIN W. VICE

## VERIFIED MOTION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF | § |
| ROCKWALL | § |

BEFORE ME, the undersigned authority, on this day personally appeared Brian L. Benitez, an attorney known personally to me, licensed to practice law in Texas, holding license number 24082679. And, Brian L. Benitez, who, having been by me first duly sworn, deposed and said that he has read the allegations in the foregoing Petitioner's Motion for Extension of Time to File Petition for Interlocutory Appeal, that each and every fact and matter therein stated, including those averred in any attached Certificate is within his personal knowledge, and is true and correct.

BRIAN L. BENITEZ
State Bar Number 24082679
Attorney at Law
Mayo, Mendolia & Vice, LLP
ATTORNEYS FOR PETITIONER

SUBSCRIBED AND SWORN to before me, this, the 25th day of September, 2015

ALEXANDRA C. HALEY
Notary Public, State of Texas
My Commission Expires
June 25, 2017

Notary Public in and for
The State of Texas

## CERTIFICATE OF COMPLIANCE

Petitioner's Motion for Extension of Time to File Petition for Interlocutory Appeal contains 4145 words, and, as such, complies with Texas Rule of Appellate Procedure 9.4(i)(2)(D) (word count determined by the computer program (WordPerfect x5) used to create said Motion).

## CERTIFICATE OF CONFERENCE

Counsel for Petitioner has made a reasonable attempt to confer about the instant Motion with counsel for Respondents. Although no accord has been reached, on information and belief, this Motion is Opposed by Respondents.

# EXHIBIT 1

Kristen Boehler

CAUSE NO. 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD. | § | |
| RKH CAPITAL, LLC, STACY LYON d/b/a | § | |
| LYON BARRICADE & CONSTRUCTION | § | |
| and TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | 62nd JUDICIAL DISTRICT |

## ORDER GRANTING TRADITIONAL AND NO EVIDENCE MOTIONS FOR SUMMARY JUDGMENT OF RK HALL CONSTRUCTION, LTD. AND STACY LYON D/B/A LYON BARRICADE & CONSTRUCTION

On the 13th day of August, 2015, came on to be heard Defendant RK Hall Construction, Ltd.'s Traditional Motion for Summary Judgment, Defendant RK Hall Construction, Ltd.'s, Amended No Evidence Motion for Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motions For Summary Judgment (collectively "Defendants' Motions"); and all parties appeared by and through their respective counsel; and the Court, having reviewed Defendants' Motions, Plaintiff's Responses submitted thereto, the evidence on file, and having heard argument of counsel, is of the opinion that Defendants' Motions should be granted in their entirety, and accordingly;

It is ORDERED, ADJUDGED, and DECREED that Defendant RK Hall Construction, Ltd.'s Traditional Motion for Summary Judgment, Defendant RK Hall Construction, Ltd.'s, Amended No Evidence Motion for Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motions for Summary Judgment be, and the same are, hereby granted; and

**ORDER GRANTING RK HALL AND LYON'S TRADITIONAL AND NO EVIDENCE MOTIONS FOR SUMMARY JUDGMENT –**                                                        PAGE 1

It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, Haley Brown, take nothing by this suit as against RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction; and

It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, Haley Brown, is granted permission to file a Petition for Interlocutory Appeal in the 6th Court of Appeals of this Court's granting of Defendants' Motions; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Order shall have no impact on the claims of Haley Brown, as against Texas Department of Transportation, which claims will remain pending before the Court; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all costs of court shall be taxed in accordance with the future orders of the Court, it being understood, however, that no costs of court shall be taxed against RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction.

SIGNED this 27 day of August, 2015.

JUDGE PRESIDING

**ORDER GRANTING RK HALL AND LYON'S TRADITIONAL AND NO EVIDENCE MOTIONS FOR SUMMARY JUDGMENT –**                                         PAGE 2

# EXHIBIT 2

CAUSE NO: 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD. | § | |
| RKH CAPITAL, LLC, | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62nd JUDICIAL DISTRICT |

## MOTION TO MODIFY JUDGMENT, AND, ALTERNATIVELY, MOTION TO EXTEND TIME TO FILE PETITION FOR INTERLOCUTORY APPEAL

TO THE HONORABLE COURT:

COMES NOW, Haley Brown, Plaintiff herein, and files this, her Motion to Modify Judgment, And, Alternatively, Motion to Extend Time to File Petition for Interlocutory Appeal, and in support thereof, would respectfully show unto the Court as follows:

### I.
### BACKGROUND/INTRODUCTION

1.1    On August 13, 2015, this Court heard argument on Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment, Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motion for Summary Judgment (Defendant RK Hall Construction, Ltd. and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction shall be collectively referred to herein as "Defendants").  Thereafter, on or about August 20, 2015 this Court, via email, advised counsel for all parties that it had granted Defendants'

**Motion to Modify Judgment, And, Alternatively, Motion to**
**Extend Time to File Petition for Interlocutory Appeal**                                                                 **Page 1**

motions, granted Plaintiff the right to an interlocutory appeal (although not requested by Plaintiff), and requested the Defendants to submit a proposed order consistent with the Court's ruling.

1.2     Thereafter, on or about August 24, 2015, Defendants submitted a proposed order. The Court evidently signed the order submitted by Defendants on August 27, 2015 (the "Order"), yet, as of today's date, the clerk of the Court has never sent Plaintiff's counsel a copy of the Order. In fact, Plaintiff received the Order for the first time via fax from counsel for Defendant Stacy Lyon d/b/a Lyon Barricade & Construction, at 3:44 p.m., on September 9, 2015 (13 days after the Order was signed by the Court).   *See* Affidavit of Dale H. Henley and Affidavit of Haley Brown, attached hereto as Exhibits 1 and 2 respectively.

1.3     On Monday, September 14, 2015, Defendants R.K. Hall and Lyon Barricade filed a Joint Motion to Sever, noting that Plaintiff has not timely filed a petition with the court of appeals requesting an interlocutory appeal.  Defendants's motion further asks the Court to sever the claims by and against Defendants so that the summary judgment disposing of their claims will become final.

1.4     In an abundance of caution, and in light of the Court's comments at the hearing on Defendant Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction and Motion for No Evidence Summary Judgment on September 17, 2015, regarding the Court's desire to wait until after the appeal on Defendants' summary judgments are heard before proceeding with trial in this matter, Plaintiff hereby files its Motion to Modify Judgment, requesting that the Court modify the Order to comply with section 168 of the Texas Rules of Civil Procedure, and thus making the Order a proper, appealable, interlocutory order.  In the alternative, Plaintiff asks for an extension of time to file its petition for interlocutory appeal.

## II.
## ARGUMENT

2.1     Rule 168 of the Texas Rules of Civil Procedure states as follows:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issues may be amended to include such permission. *The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.*

Tex.R.Civ.P. 168 (emphasis added).

2.2     Courts of appeals do not have jurisdiction over appeals from interlocutory orders, unless a statute provides for an interlocutory appeal from such orders. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007). Under section 51.014(d) of the Texas Civil Practice and Remedies Code, a court of appeals may accept a permissive interlocutory appeal if (1) the order being appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem.Code § 51.014(d), (f); *Hebert v. JJT Const.*, 438 S.W.3d 139, 140 (Tex.App.–Houston [14th Dist.] 2014, no pet.).

2.3     In its statement of permission granting an interlocutory appeal under section 51.014, a trial court *must* identify the controlling question of law as to which there is a substantial ground for difference of opinion and *must* state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Hebert*, 438 S.W.3d at 141; *see also* Tex. Civ. Prac. & Rem.Code § 51.014(d).

2.4 While there is little case law as to what exactly constitutes a controlling issue of law, the court in *Gulf Coast Asphalt Company, LLC v. Lloyd,* 457 SW3d 539, 544, cited from a law review article the following:

> A controlling question of law is one that deeply affects the ongoing process of litigation. If resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. Generally, if the viability of a claim rests upon the court's determination of a question of law, the question is controlling.... Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely.... Generally, a district court will make [a finding that the appeal will facilitate final resolution of the case] when resolution of the legal question dramatically affects recovery in a lawsuit.

*Gulf Coast Asphalt Company, LLC v. Lloyd,* 457 SW3d 539, 544 (Tex.App.– Houston [14th Dist] 2015, no writ).

2.4 Here, the Order states, in pertinent part, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Haley Brown, is granted permission to file a Petition for Interlocutory Appeal in the 6th Court of Appeals of this Court's granting of Defendant's Motions..." The Order, however, is silent as to the controlling issue of law as to which there is a substantial difference of opinion, and why an immediate appeal may materially advance the ultimate termination of the litigation, as required by T.R.C.P 168.

2.5 Thus, the Order presented by Defendants and signed by the Court does not comply with Rule 168. If Plaintiff were to file a petition for interlocutory appeal based on this Order, as required by the Texas Rules of Appellate Procedure, the petition would be denied by the court of

appeals, as the proper requirements of Rule 168 are not contained therein. *See, e.g., Estate of Marshall*, 2015 WL 5245268, (Tex.App.– San Antonio 2015, no writ).

2.6     Accordingly, Plaintiff respectfully requests that the Court modify the Order to specify the controlling question of law at issue, and state why an immediate appeal will materially advance the ultimate termination of the litigation, so the Order will comply with the requirements of Rule 168, and will be in proper form from which an interlocutory appeal can be filed.

2.7     Additionally, consistent with Rule 168 requirements, Plaintiff respectfully asks the Court to modify the Order to identify the specific grounds upon which summary judgment was granted. Defendant RK Hall moved for summary judgment on the following grounds:

1.     Immunity under Section 97.002 of the Texas Civil Practices and Remedies Code:

2.     No Actual Knowledge of a Dangerous Condition;

3.     The Location and Condition of the Shuttle Buggy was not the Proximate Cause of the Accident;

4.     No Evidence Plaintiff was a licensee;

5.     No Evidence a Condition on the Premises posed an Unreasonable Risk of Harm; and

6.     No Evidence RK Hall had Actual Knowledge of the Danger.

2.8     Defendant Lyon Barricade moved for summary judgment on the following grounds:

1.     Immunity under Section 97.002 of the Texas Civil Practices and Remedies Code;

2.     No Evidence of Unreasonable Risk of Harm; and

3     No Evidence of Actual Knowledge of Unreasonable Risk of Harm.

2.9     The Order does not specify the upon which of the above grounds the Court granted summary judgment. In order for this matter to be ripe for interlocutory appeal, the Order must state the specific controlling question of law at issue, and why an immediate appeal will materially advance the ultimate termination of the litigation. By narrowing the basis upon which the Court granted Defendants' motions for summary judgment, these requirements will be met and achieved.

2.10    Thus, in order to comply with Rule 168, and to expedite the appellate process on the interlocutory, accelerated appeal, Plaintiff would ask the Court to specify the exact grounds upon which the motions for summary judgment were granted so as to narrow the issues for the Court of Appeals.

### III.
### ALTERNATIVE MOTION TO EXTEND TIME

3.1     Alternatively, should the Court decline to modify the Order as requested above, Plaintiff respectfully requests that the Court extend the time to file Plaintiff's petition for an interlocutory appeal under Rule 26.3 of the Texas Rules of Appellate Procedure and Rule 306a(5) of the Texas Rules of Civil Procedure.

*Background and Explanation*

3.2     Before delving into the argument on the motion to extend time, Plaintiff wants to make clear on the record that this alternative motion to extend time is being made in an overabundance of caution, and in expectations of, and to avoid, future arguments of opposing counsel on appeal. As noted above, Plaintiff never requested, nor desired, a right to an interlocutory appeal. Instead such right was provided in the Court's Order granting the Defendants' motions for summary judgment, which was drafted by Defendants' counsel. However, as discussed extensively

above, the Order does not meet the requirements of Tex.R.Civ.P 168, and thus, any attempt by Plaintiff to file an interlocutory appeal based on said Order would have been rejected and denied. *See, Estate of Marshall*, 2015 WL 5245268, (Tex.App.– San Antonio 2015, no writ).

3.3     Based on comments by the Court at the hearing on TXDOT's motion for summary judgment, it appears clear that the intent of the Court is the sever the claims and causes of action against Defendants RK Hall and Lyon Barricade, and allow that case, including the granting of Defendant RK Hall's and Lyon Barricade's motions for summary judgment, to go on appeal. The Court advised that is would reset the trial against TXDOT *after* the appeal on the motions for summary judgment were complete. However, a close reading of the Joint Motion for Severance by RK Hall and Lyon Barricade reveals that they believe the deadline for Plaintiff to file a petition for interlocutory appeal has passed, and that by granting the severance, Plaintiff will have lost her right to appeal the motions for summary judgment granted in their favor. *See* Defendant RK Hall Construction, Ltd. and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Joint Motion for Severance, page 2.

3.4     It is Plaintiff's position that her right to interlocutory appeal has not been created due to the lack of the prerequisites of Rule 168 being met. However, even if it is determined that the Order is a proper appealable interlocutory order, Plaintiff has not waived her right to file and conduct an ordinary appeal after a final judgment is entered, either by way of severance or by final judgment in this cause. In other words, even if Plaintiff decided not to, or failed to, exercise her *right* to perfect the interlocutory appeal, her ordinary appeal rights still exist after final judgment is entered by this Court. *See, Hernandez v Ebrom*, 289 S.W.3d 316 (Tex. 2008).

3.5     However, in light of previous activity in this case, recent developments on Defendants' lack of full and complete discovery production, in an overabundance of caution, and in order to provide full and complete protection to Plaintiff, Plaintiff files this alternative request to extend time to file Plaintiff's petition for interlocutory appeal under Tex.R.App.P 26.3 and Tex.R.Civ.P 306a(5) as follows:

***Extension of Time under T.R.App.P. 26.3***

3.6     The Texas Rules of Appellate Procedure "govern procedure in appellate courts...." and a party's rights on appeal. TEX.R.APP.P. 1.1. The rules and policies regarding perfection of an appeal are well-established in ordinary civil appeals and interlocutory appeals authorized by section 51.014(a). *Stolte v County of Guadalupe*, 139 S.W.3d 406, 409 (Tex.App.–San Antonio 2004, no writ). A party who fails to file a perfecting "instrument" by the deadline may, within fifteen days after the date the instrument was due, move for an extension of time. *See* TEX.R.APP. P. 26.3. "[A] motion for extension of time is necessarily implied when an appellant acting in good faith files [a perfecting instrument] beyond the time allowed by [the rules], but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline...." *Id.*, *citing* v. Dorner, 959 S.W.2d 615, 617 (Tex.1997). Both Rule 26.3 and *Verburgt* apply to appeals of interlocutory orders authorized by section 51.014(a). *See, Hone v. Hanafin*, 104 S.W.3d 884 (Tex.2003) (applying Rule 26.3 and *Verburgt* to interlocutory appeal of order sustaining special appearance).

3.7     Here, Plaintiff is filing this specific motion to extend time well within 15 days from the date its petition for interlocutory appeal was purportedly due to be filed. Thus, this motion is timely filed under the guise of Tex.R.App.P. 26.3.

3.8 Accordingly, in the event the Court is disinclined to modify the Order as requested herein, Plaintiff asks the Court to extend the time to perfect its interlocutory appeal under the purview of Rule 26.3.

***Extension Under Tex.R.Civ.P. 306a(5)***

3.9 Additionally, Plaintiff asks the Court to extend the deadline to file Plaintiff's petition for interlocutory appeal under Rule 306a(5). In this regard, Plaintiff respectfully asks the Court to find and determine that Plaintiff has not yet received notice of the Order from the clerk of the Court, as required by T.R.C.P. 306a(3), and that Plaintiff received actual knowledge of the Order thirteen days after it was signed, via fax from opposing counsel. *See* Affidavit of Dale Henley and Affidavit of Haley Brown, attached hereto as Exhibits 1 and 2.

3.10 As argued by Defendants RK Hall and Lyon Barricade in their Joint Motion for Severance, in order to be timely, a petition for interlocutory appeal must be filed within 15 days from the date the order or judgment from which it is appealing was signed. Due to the lack of timely notice of the Order, Plaintiff was only given two days to file her petition for interlocutory appeal, after it received a copy of the Order via fax from opposing counsel.

3.11 Although Plaintiff's untimely notice of the Order, and Plaintiff's request for to extend the deadline to file for an interlocutory appeal, do not fall squarely in the purview of T.R.C.P 306a(5), it would be unjust and inconsistent with the intent of Rule 306a to preclude Plaintiff's right to file an interlocutory when Plaintiff did not get timely and proper notice of the Order.

3.12 "The Texas Supreme Court has not yet enacted rules of procedure to implement the permissive interlocutory appeal permitted by section 51.014(f)." *Stolte*, 139 S.W.3d at 408. However, it is well established that "[i}n ordinary civil appeals, the appellate court's jurisdiction is

invoked when an appellant timely files "an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"; thus, "an appellate court may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997)

3.13    The intent of Rule 306a is clear: it is to give parties who do not get timely and proper notice of a order or judgment adequate time to appeal.   However, Rule 306a contemplates a standard, typical final order or judgment being signed, not an order regarding an interlocutory appeal, and thus, the rule applies if the party receives actual notice of the order or judgment 20 days after the judgment was signed. Tex.R.Civ.P. 306a(5).   Had Plaintiff received actual notice of the Order 20 days after the Order was signed, its deadline to file the petition for interlocutory appeal would have expired.   Given the cases cited above, T.R.APP.P 26.3, and 306a, the intent of the rules and appellate courts are clear.  A party should not lose its right to appeal because of untimely notice of an order or judgment, or because a procedural error which the party did not have an opportunity to cure.   Thus, consistent with the intent of Rule 306a, Plaintiff asks the Court, as an alternative pleading, to extend the deadline to file its petition for interlocutory appeal.

***Violation of Plaintiff's Constitutional Due Process Rights***

3.14    Moreover, depriving Plaintiff of her right to appeal because of untimely and improper notice of the Order, would be a violation of Plaintiff's constitutional due process rights.  "[T]he requirement that parties be notified of proceedings affecting their legally protected interests is obviously a vital corollary to one of the most fundamental requisites of due process – the right to be heard." *Schroeder v. City of New York*, 371 U.S. 208, 212, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962).   Thus, "[t]here can be no due process without reasonable notice and a fair hearing." *MacKenna v.*

*Ellis*, 263 F.2d 35, 43 (5th Cir. 1959), cert. denied, 360 U.S. 935, 79 S.Ct. 1453, 3 L.Ed.2d 1546 (1960); see also, *Griffin v. Griffin*, 327 U.S. 220, 231, 66 S.Ct. 556, 562, 90 L.Ed 635 (1946); *Johnson v. Williams*, 109 S.W.2d 213, 214 (Tex. Civ. App. – Dallas 1937, no writ) ("The right to a day in court and the privilege of being heard before judgment is a constitutional guaranty, the very essence of due process of law."). As the Texarkana Court of Appeals summarized the applicable rules:

> At a minimum, constitutional due process requires that no person be deprived of property by any adjudication unless that adjudication is preceded by notice to the owner and a reasonable opportunity for an appropriate hearing. The notice must be reasonably calculated, under all the circumstances, to apprise the owner of the pendency of the action and afford him an opportunity to present his objections. *Doue v. City of Texarkana*, 786 S.W.2d 474, 477 (Tex App.–Texarkana 1990, writ denied); see also, *Memphis, Light, Gas & Water Division v. Craft*, 436 U.S. 1, 14, 98 S.Ct.1554, 1563, 56 L.Ed.2d 30 (1978); *Creel v. District Attorney for Medina County*, 818 S.W.2d 45, 46 (Tex. 1991).

3.15    Based on the above analysis and authority, depriving Plaintiff of her right to appeal due to untimely notice of the Order would violate Plaintiff's constitutional due process rights. Thus, in the event the Court declines to modify the Order as requested hereinabove, Plaintiff respectfully requests that the Court extend Plaintiff's time to file her petition for interlocutory appeal to avoid violating Plaintiff's constitutional due process rights.

### IV.
### PRAYER

**WHEREFORE**, Plaintiff prays that the Court set this matter for hearing, and after considering this Motion, the evidence attached hereto, and any response filed to this Motion, grant Plaintiff's Motion to Modify Judgment, and modify the Order entered in connection with Defendants

RK Hall's and Lyon Barricade's motions for summary judgment consistent with the relief requested herein. Alternatively Plaintiff respectfully requests that the Court grant her Motion to Extend Time, and provide Plaintiff with ample time to timely file her petition for interlocutory appeal. Plaintiff also prays for such other and further relief to which she has shown herself entitled.

Respectfully submitted:

**MAYO MENDOLIA & VICE, L.L.P.**


By: /s/ Dale H. Henley
        KEVIN W. VICE
        State Bar No. 00785150
        kvice@mmvllp.com
        DALE H. HENLEY
        State Bar No. 24048148
        dhenley@mmvllp.com

5368 State Hwy. 276
Royse City, Texas 75189
(214) 402-0450
(214) 402-0461 (Facsimile)

**ATTORNEYS FOR PLAINTIFF HALEY BROWN**


## CERTIFICATE OF CONFERENCE

The undersigned has emailed opposing counsel requesting whether they are opposed on the merits of this Motion, and, to the best of Plaintiff's knowledge, opposing counsel opposes this Motion. Thus, Plaintiff requests that a hearing be set on this Motion at the earliest date convenient for the Court.


DALE H. HENLEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, **on this 18th day of September 2015:**

Blair Partlow                                                  *Via E-File Service*
Fox Rothschild, LLP
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240

Ed Carlton                                                    *Via E-File Service*
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan St., Suite 1800
Dallas, Texas 75201

Garland Williams                                              *Via E-File Service*
Transportation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
DALE H. HENLEY

# VERIFICATION

**STATE OF TEXAS**                       §
                                         §
**COUNTY OF ROCKWALL**                   §

       **BEFORE ME**, the undersigned Notary Public, on this day personally appeared Dale H. Henley, who, being by me duly sworn upon his oath, deposed and said:

       1.     That he has personal knowledge of the facts contained herein, except as to where they may be stated upon information and belief, and where so stated, he believes them to be true;

       2.     That he is of the age of 18 years, competent to testify under oath, and has never been convicted of a felony;

       3.     That he has read the attached document entitled Motion to Modify Judgment, and, Alternatively, Motion to Extend Time to File Petition For Interlocutory Appeal;

       4.     That the statements contained in Motion to Modify Judgment, and, Alternatively, Motion to Extend Time to File Petition For Interlocutory Appeal are true and correct, except to the extent that they are stated to be upon information and belief, and where so stated, he believes them to be true and correct.

_____
DALE H. HENLEY

       Subscribed to and sworn to before me on this 18th day of September, 2015, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of Texas

My Commission Expires:



JESSICA T. LOERA
Notary Public, State of Texas
My Commission Expires
May 05, 2019

# EXHIBIT 1

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD., | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62nd JUDICIAL DISTRICT |

## AFFIDAVIT OF DALE H. HENLEY

1.      "My name is Dale H. Henley.  I am over 21 years of age, and am of sound mind and fully competent to testify to the matters set forth herein.  The facts contained in this Affidavit are true and correct.

2.      I am one of Plaintiff Haley Brown's ("Plaintiff") attorneys in the above referenced case.  As such, I have personal knowledge of the facts stated herein.

3.      On August 13, 2015, this Court heard argument on Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment, Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motion for Summary Judgment (Defendant RK Hall Construction, Ltd. and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction shall be collectively referred to herein as "Defendants").  Thereafter, on or about August 20, 2015 the Court, via email, advised counsel for all parties that it was going to grant Defendants' motions, grant Plaintiff the right to an file an interlocutory appeal (although Plaintiff did not request an interlocutory appeal) and requested that counsel for Defendants to submit a proposed order consistent with that ruling.

4.      Thereafter, on or about August 24, 2015, Defendants submitted a proposed order. The Court signed the order on August 27, 2015, yet, as of today's date, neither our office or our client has received a copy of the Order from the clerk of the Court.  In fact, I received the Order for the first time via fax from counsel for Defendant Stacy Lyon d/b/a Lyon Barricade & Construction, at 3:44 p.m., on September 9, 2015, 13 days after the Order was signed by the Court.

**Affidavit of Dale H. Henley**                                                                                      **Page 1 of 2**

5.    That concludes my affidavit testimony."

_____
Dale H. Henley

Subscribed to and sworn to before me on this 18th day of _September_ , 2015, to certify which witness my hand and official seal.



_____
Notary Public in and for
The State of Texas

My Commission Expires:

JESSICA T. LOERA
Notary Public, State of Texas
My Commission Expires
May 05, 2019

# EXHIBIT 2

CAUSE NO: 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD., | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62nd JUDICIAL DISTRICT |

## AFFIDAVIT OF HALEY BROWN

1.      "My name is Haley Brown. I am the Plaintiff in this case, I am over the age of 21, and am of sound mind and fully competent to testify to the matters set forth herein. The facts contained in this Affidavit are true and correct. I have personal knowledge of the facts stated herein."

2.      I did not receive notice of the order granting Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment, Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motion for Summary Judgment until September 9, 2015, 13 days after the Order was signed by the Court.

_____
Haley Brown

Subscribed to and sworn to before me on this 18 day of September, 2015, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of Texas

My Commission Expires:

ALEXANDRA C. HALEY
Notary Public, State of Texas
My Commission Expires
June 25, 2017

**Affidavit of Haley Brown**                                                                 Page 1 of 1

# EXHIBIT 3

CAUSE NO: 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD., | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62nd JUDICIAL DISTRICT |

## AFFIDAVIT OF DALE H. HENLEY

1.     "My name is Dale H. Henley. I am over 21 years of age, and am of sound mind and fully competent to testify to the matters set forth herein. The facts contained in this Affidavit are true and correct.

2.     I am one of Plaintiff Haley Brown's ("Plaintiff") attorneys in the above referenced case. As such, I have personal knowledge of the facts stated herein.

3.     On August 13, 2015, this Court heard argument on Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment, Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motion for Summary Judgment (Defendant RK Hall Construction, Ltd. and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction shall be collectively referred to herein as "Defendants"). Thereafter, on or about August 20, 2015 the Court, via email, advised counsel for all parties that it was going to grant Defendants' motions, grant Plaintiff the right to an file an interlocutory appeal (although Plaintiff did not request an interlocutory appeal) and requested that counsel for Defendants to submit a proposed order consistent with that ruling.

4.     Thereafter, on or about August 24, 2015, Defendants submitted a proposed order. The Court signed the order on August 27, 2015, yet, as of today's date, neither our office or our client has received a copy of the Order from the clerk of the Court. In fact, I received the Order for the first time via fax from counsel for Defendant Stacy Lyon d/b/a Lyon Barricade & Construction, at 3:44 p.m., on September 9, 2015, 13 days after the Order was signed by the Court.

**Affidavit of Dale H. Henley**                                                                    **Page 1 of 2**

5.      That concludes my affidavit testimony."

_____
Dale H. Henley

Subscribed to and sworn to before me on this 18th day of _September_ , 2015, to certify which witness my hand and official seal.



_____
Notary Public in and for
The State of Texas

My Commission Expires:

JESSICA T. LOERA
Notary Public, State of Texas
My Commission Expires
May 05, 2019

**Affidavit of Dale H. Henley**

# EXHIBIT 4

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD., | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62nd JUDICIAL DISTRICT |

## AFFIDAVIT OF HALEY BROWN

1.      "My name is Haley Brown. I am the Plaintiff in this case, I am over the age of 21, and am of sound mind and fully competent to testify to the matters set forth herein. The facts contained in this Affidavit are true and correct. I have personal knowledge of the facts stated herein."

2.      I did not receive notice of the order granting Defendant RK Hall Construction, Ltd.'s Motion for Traditional Summary Judgment, Defendant RK Hall Construction, Ltd.'s Amended Motion for No Evidence Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motion for Summary Judgment until September 9, 2015, 13 days after the Order was signed by the Court.

_____
Haley Brown

Subscribed to and sworn to before me on this 18 day of September, 2015, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of Texas

My Commission Expires:

ALEXANDRA C. HALEY
Notary Public, State of Texas
My Commission Expires
June 25, 2017

**Affidavit of Haley Brown**

Page 1 of 1